Lawrence H. Meuers, Esq. (SBN 197663)
Katy Koestner Esquivel, Esq. (Florida Bar No. 0159484)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com

Attorneys for Plaintiff

FILED

2007 MAY 14 P 2: 24

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

#99
Fees Pd
SJ

E-FILING

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATURAL SELECTION FOODS, LLC dba EARTHBOUND FARMS,<br><br>Plaintiff,<br><br>vs.<br><br>RIVER RANCH FRESH FOODS, LLC.,<br><br>Defendant. | Case No.:<br><br>C07 02548 HRL<br><br>BY FAX |

## CIVIL ACTION COMPLAINT

For its Complaint, Plaintiff respectfully states as follows:

### THE PARTIES

1.  Plaintiff is Natural Selection Foods, LLC dba Earthbound Farms ("Earthbound"), a California limited liability company with its principal place of business located at 1721 San Juan Highway, San Juan Bautista, California.

2.  Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3.  Defendant is River Ranch Fresh Foods, LLC. (the "Defendant" or "River Ranch"). Upon information and belief, River Ranch is a Delaware limited liability company with its principal place of business located at 1156 Abbott Street, Salinas,

California. Upon information and belief, the Defendant was and is at all times pertinent herein, a dealer and commission merchant subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499t (the "PACA").

## JURISDICTION AND VENUE

4. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

5. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

## BACKGROUND FACTS

6. At all times relevant to this action, River Ranch was a commission merchant, dealer or broker operating subject to the provisions of the PACA.

7. Between July 18, 2006 and September 15, 2006, Plaintiff sold to River Ranch in interstate commerce, and River Ranch purchased from Plaintiff, Produce in the total amount of $230,050.65.

8. Plaintiff delivered the produce to River Ranch and River Ranch accepted the Produce from Plaintiff. The Produce sold by Plaintiff to River Ranch consisted of pre-packaged blends of various types of greens, including spinach.

9. All Produce shipped by Plaintiff between August 29, 2006 and September 15, 2006 containing spinach was voluntarily recalled by Plaintiff.

10. Plaintiff instructed its customers, including River Ranch, to dump all inventory which contained the recalled Produce.

11. Plaintiff also issued a credit to River Ranch and its other customers for the invoice price of the dumped Produce, dump fees, freight fees and reasonable administrative costs.

12. Plaintiff required its customers to provide documentary proof of all

1 | dumped product in compliance with 7 C.F.R. §46.23.

2 | 13.   The average credit requested by Plaintiff's customers as a result of the
3 | recall was between 40% and 60% of the invoice price.

4 | 14.   In an effort to maintain an amiable relationship with Defendant, Plaintiff
5 | issued a credit to Defendant of 100% of all sales orders within the recall period in the
6 | amount of $103,350.50.

7 | 15.   Defendant has failed to pay the balance due after application of the
8 | $103,350.50 credit, and has failed to supply the proof of the disposition of the recalled
9 | Produce in compliance with 7 C.F.R. §46.23.

## CLAIMS FOR RELIEF

### COUNT I.

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM

*7 U.S.C. § §499e(c)(3) and (4)*

16.   Plaintiff re-alleges ¶¶ 1 through 15 as if stated herein.

17.   Pursuant to PACA, 7 U.S.C. §499e(c), at the time of River Ranch's receipt of the Produce, River Ranch became trustee of the PACA trust for the benefit of Plaintiff in the amount of $126,700.00. The PACA trust consists of all River Ranch's inventories of Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets")

18.   Plaintiff gave written notice of intent to preserve trust benefits to River Ranch in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to River Ranch.

19.   Pursuant to PACA, 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from River

1 | Ranch's PACA Trust Assets.

2 |     20.    Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of River Ranch with a valid PACA trust claim in the amount of $126,700.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II.

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS

*7 U.S.C. §499e(c)(5)*

21.    Plaintiff re-alleges ¶¶ 1 through 20 as if stated herein.

22.    River Ranch is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

23.    River Ranch failed to pay Plaintiff for the shipments of Produce listed above at ¶7 from the PACA Trust Assets.

24.    As a direct result of River Ranch's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $126,700.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

25.    Plaintiff seeks the entry of an Order directing River Ranch to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $126,700.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III.

### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND

*7 U.S.C. §499b(4)*

26.    Plaintiff re-alleges ¶¶ 1 through 25 as if stated herein.

27.    River Ranch received each of the shipments of Produce identified in ¶7 above.

28. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

29. PACA requires River Ranch, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

30. River Ranch has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims including Plaintiff's asserted herein.

31. As a direct result of River Ranch's failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $126,700.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

32. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing River Ranch to maintain PACA Trust Assets equal to the sum of $126,700.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA trust claims, directing River Ranch to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining River Ranch from dissipating PACA Trust Assets.

## COUNT IV.

### VIOLATION OF PACA: FAILURE TO PAY PROMPTLY

*7 U.S.C. §499b(4)*

33. Plaintiff re-alleges ¶¶ 1 through 32 as if stated herein.

34. River Ranch received each of the shipments of Produce identified in ¶7 above.

35. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

36. River Ranch failed to pay these invoices within the payment terms.

37. As a direct result of River Ranch's failure to pay for each invoice within

1  terms, Plaintiff has incurred damages in the amount of $126,700.00, plus interest from
2  the date each invoice became past due, costs and attorneys' fees.

3      38.    Plaintiff seeks entry of an Order directing River Ranch to immediately
4  pay Plaintiff the sum of $126,700.00, plus interest from the date each invoice became
5  past due, costs and attorneys' fees.

## COUNT V.

### BREACH OF CONTRACT

8      39.    Plaintiff re-alleges ¶¶ 1 through 38 as if stated herein.

9      40.    Plaintiff and River Ranch entered into contracts under which Plaintiff
10 agreed to sell the Produce and River Ranch agreed to purchase the Produce, each of
11 which is described in ¶7 above.

12     41.    River Ranch breached its contracts with Plaintiff by failing to pay for
13 each shipment of Produce.

14     42.    As a direct result of River Ranch's breach of contract, the Plaintiff has
15 incurred damages in the amount of $126,700.00, plus interest from the date each
16 invoice became past due, costs and attorneys' fees.

17     43.    Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff
18 and against River Ranch in the amount of $126,700.00, plus interest from the date each
19 invoice became past due, costs and attorneys' fees.

20 **FOR THESE REASONS**, Plaintiff respectfully requests the entry of an Order
21 providing as follows:

    i.    As to Count I, declaring that Plaintiff is a PACA trust beneficiary of River Ranch with a valid PACA trust claim in the amount of $126,700.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

    ii.    As to Count II, directing River Ranch to immediately turn over to the Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $126,700.00, plus interest from the date each invoice

...

became past due, costs and attorneys' fees;

iii.  As to Count III, directing River Ranch to maintain PACA Trust Assets equal to the sum of $126,700.00, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA trust claims, enjoining River Ranch from dissipating PACA Trust Assets and directing River Ranch to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

iv.  As to Count IV, directing River Ranch to immediately pay Plaintiff the sum of $126,700.00, plus interest from the date each invoice became past due, costs and attorneys' fees;

v.  Enter Final Judgment in favor of Plaintiff and against River Ranch on Counts I through V, in the amount of $126,700.00, plus interest from the date each invoice became past due, costs and attorneys' fees; and

vi.  Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted on Monday, May 14, 2007.

MEUERS LAW FIRM, P.L.

By: *Lawrence H. Meuers*
Lawrence H. Meuers, Esq. (SBN 197663)
Katy Koestner Esquivel, Esq. (Florida Bar No. 0159484)
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
kesquivel@meuerslawfirm.com

Attorneys for Plaintiff