Joseph Choate, Jr., 039018
Robert P. Lewis, Jr., 057624
Bradley L. Cornell, 162384
CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
Telephone: (213) 623-2297
Facsimile: (213) 623-6429
jchoate@choatelaw.net
bcornell@choatelaw.net

Counsel for Defendant/Counter-Claimant
RIVER RANCH FRESH FOODS, LLC

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NATURAL SELECTION FOODS, LLC, dba EARTHBOUND FARMS,<br><br>    Plaintiff/Counter-Defendant,<br><br>        vs.<br><br>RIVER RANCH FRESH FOODS, LLC,<br><br>    Defendant/Counter-Claimant. | Case No. 5:07-cv-02548-JW<br><br>[HON. JAMES WARE]<br><br>**OPPOSITION OF RIVER RANCH FRESH FOODS TO MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Hearing Date: Sept. 11, 2007<br>Time:         10:00 a.m.<br>Place:        Courtroom 8,<br>              4th Floor,<br>              San Jose |

Defendant and Counter-Claimant RIVER RANCH FRESH FOODS, LLC ("River Ranch") submits the following Memorandum of Points & Authorities in Opposition to Plaintiff and Counter-Defendant NATURAL SELECTION FOODS' ("Natural Selection") <u>Motion to Dismiss Counterclaims and to Strike Affirmative Defenses</u>:

-1-

OPPOSITION OF RIVER RANCH FRESH FOODS TO
MOTION TO DISMISS COUNTERCLAIMS, etc.
CASE NO. 5:07-cv-02548-JW

**TABLE OF CONTENTS**

I.   The Nature of River Ranch's Counterclaims Falls Within the Supplemental Jurisdiction of the Court . . . . . . . . 2

II.  Natural Selection's Argument that River Ranch's Counterclaims Should be Dismissed Because They "Substantially Predominate" Over Natural Selection's PACA Claim Should Be Rejected. . . . . . . . . . . . . . . . 4

III. Natural Selection's Argument That the Negligence Counterclaims Should Be Dismissed Because they Are Really Contract Claims is Baseless. . . . . . . . . . . . 6

IV.  The "Economic Loss" Rule is Inapplicable. . . . . . . . . 7

V.   River Ranch Has Sufficiently Alleged "Independently Wrongful" Conduct in Connection With Its Counterclaim For Negligent Interference With Prospective Economic Advantage. . . . . . . . . . . . . . . . . . . . . . . . . 8

VI.  Natural Selection's Motion to Strike the Affirmative Defenses Should Be Rejected Out of Hand. . . . . . . . . . 9

VII. Summary . . . . . . . . . . . . . . . . . . . . . . . . . 9

CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
(213) 623-2297

-i-

OPPOSITION OF RIVER RANCH FRESH FOODS TO
MOTION TO DISMISS COUNTERCLAIMS, etc.
CASE NO. 5:07-cv-02548-JW

**TABLE OF AUTHORITIES**

FEDERAL CASES:

Ammerman vs. Sween, 54 F.3d 423 (7th Cir. 1995) . . . . . . . . . 2

Channel vs. Citicorp National Services, Inc., 89 F.3d 379 (7th Cir. 1996) . . . . . . . . . . . . . . . . . 2

Jones vs. Ford Motor Credit Company, 358 F.3d 205 (2nd Cir. 2004) . . . . . . . . . . . . . . . . . . . . . 2, 3, 9

United Mine Workers vs. Gibbs, 383 U.S. 715 (1966) . . . . . . . 2

FEDERAL STATUTES:

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . 2, 4

28 U.S.C. § 1367(a) . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1367(b) . . . . . . . . . . . . . . . . . . . . . 4, 6

STATE CASES:

Aas vs. Superior Court 24 Cal.4th 627 (2000) . . . . . . . . . . 8

Chameleon Engineering Corp. vs. Air Dynamics, Inc., 101 Cal. App.3d 418 (1980) . . . . . . . . . . . . . . . . . 7

Erlich vs. Menezes, 21 Cal.4th 543 (1999) . . . . . . . . . . . 8

North American Chemical Co., vs. Superior Court 59 Cal. App.4th 764 (1997) . . . . . . . . . . . . . . . . . 6, 7

CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
(213) 623-2297

-ii-    OPPOSITION OF RIVER RANCH FRESH FOODS TO MOTION TO DISMISS COUNTERCLAIMS, etc.
CASE NO. 5:07-cv-02548-JW

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  <u>The Nature of River Ranch's Counterclaims Falls Within the Supplemental Jurisdiction of the Court</u>

Congress' enactment of 28 <u>U.S.C.</u> § 1367 explicitly extending the federal courts' jurisdiction to "all other claims" in a civil action "so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" is consistent with the general principal that "two court actions should not be encouraged where one will do."

The court's authority to permit supplemental claims, even loosely related claims, is broad. In <u>Ammerman vs. Sween</u>, 54 F.3d 423 (7th Cir. 1995) the court held that § 1367 "**confers supplemental jurisdiction to the limits of Article III of the Constitution...**" (at page 424.) In keeping with the broad limits of supplemental jurisdiction courts have permitted expansive application. Illustrative is <u>Channel vs. Citicorp National Services, Inc.</u>, 89 F.3d 379 (7th Cir. 1996), in which the court interpreted the expanded jurisdictional scope of § 1367 to mean that "[a] loose factual connection between the claims" can be sufficient. (at page 385). In <u>Jones vs. Ford Motor Credit Company</u>, 358 F.3d 205 (2nd Cir. 2004), the court opined that the language of § 1367 appears to be broader than the test of "a common nucleus of operative facts" enunciated by the Court in <u>United Mine Workers vs. Gibbs</u>, 383 U.S. 715 (1966), decided prior to the enactment of § 1367.

River Ranch's claims fall within the broad range of the

CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
(213) 623-2297

1  court's authority to exercise supplemental jurisdiction.  River
2  Ranch's allegations in support of its counterclaims show an
3  ongoing contractual relationship between Natural Selection or its
4  predecessor in interest and River Ranch covering a period of more
5  than 6 years and involving the growing, processing, purchasing
6  and sale of produce, all of which was supported by various
7  marketing agreements and other related documents.  Many of these
8  agreements and related documents refer to federal statutes and
9  regulations, i.e., reference to regulations developed by the FDA
10 contained in the <u>River Ranch Fresh Foods, LLC – Supplier</u>
11 <u>Checklist</u> attached as Exhibit B to River Ranch's counterclaim.
12     In an effort to narrowly characterize its claims, Natural
13 Selection's argument is essentially linear in nature: "It wasn't
14 until AFTER we sold you the good produce that we distributed the
15 adulterated produce, therefore, there is no connection between
16 the two claims sufficient for supplemental jurisdiction to
17 exist."
18     However, Natural Selection's <u>own</u> Complaint references the
19 problems involving the adulterated produce it was marketing.  In
20 paragraphs 9 through 14 of its Complaint, Natural Selection
21 alleges that produce had to be recalled, and alleges that Natural
22 Selection gave "credit" to River Ranch which it alleges was more
23 than sufficient.  Accordingly, Natural Selection's argument that
24 the subject of the adulterated produce is completely separate
25 from its own claim is specious.
26     In fact, it can reasonably be argued that River Ranch's
27 counterclaims are "compulsory."  In <u>Jones vs. Ford Motor Credit</u>
28 <u>Company</u>, 358 F.3d 205 (2nd Cir. 2004), the court opined that both

the ECOA claim and the debt collection claims originated from the plaintiffs' decision to purchase Ford cars.  In the same vein, Natural Selection's claim to recover for produce sold and River Ranch's counterclaims for damages arise out of River Ranch's decision to purchase product from Natural Selection and Natural Selection's decision to sell produce to River Ranch.  The court here has authority under 28 U.S.C. § 1367 to exercise supplemental jurisdiction and supplemental jurisdiction is proper based on the relationship of the parties, common agreements, and the produce purchase and sale connection between the claims.

II. <u>Natural Selection's Argument that River Ranch's Counterclaims Should be Dismissed Because They "Substantially Predominate" Over Natural Selection's PACA Claim Should Be Rejected</u>.

As a "fall-back" Natural Selection argues that even if supplemental jurisdiction exists under § 1367(a), the court should exercise its discretion under subsection (b) and decline to allow the supplemental claims because River Ranch's counterclaims "substantially predominate" over Natural Selection's original claim.

In an attempt to support this position, Natural Selection argues that River Ranch's counterclaims would "**introduce a vast spectrum of new and unrelated issues...**" (Natural Selection Motion page 7, line 10) which would include the following:

(i)  A determination of the cause of the [E. Coli] outbreak.

This will not be an "issue" and, if it were, it has already

-4-

OPPOSITION OF RIVER RANCH FRESH FOODS TO MOTION TO DISMISS COUNTERCLAIMS, etc.
CASE NO. 5:07-cv-02548-JW

1  been determined by the California Department of Health Services
2  and the U.S. Food and Drug Administration, as set forth in its
3  "final" report of 21 March 2007 entitled <u>Investigation of</u>
4  <u>Escherichia coli) O157-H7 Outbreak Associated with</u>
5  <u>Dole-Prepackaged Spinach.</u>
6      (ii) An evaluation of Natural Selection's overall food
7  safety practices in comparison to overall industry practice.
8      Again, this is certainly not a legitimate issue as far as
9  River Ranch's First Counterclaim is concerned, and in view of the
10 adulterated produce which Natural Selection introduced into the
11 stream of commerce, may well be a nonexistent major issue with
12 respect to the Second and Third Counterclaims.
13     (iii) A calculation of the multiple categories of
14 consequential damages alleged by River Ranch.
15     River Ranch is confident that the Court will be able to
16 handle whatever damage issues and/or calculations may be
17 necessary.
18     Natural Selection's argument that permitting the
19 counterclaims would frustrate the purposes of PACA Trust
20 legislation is baseless and the cases cited in support thereof
21 are clearly inapplicable.  Natural Selection's footnote on page 8
22 of its motion quoting the 1984 amendments to the PACA Trust
23 statute is misleading.  The 1984 amendment had to do with the
24 creation of a statutory trust in order to give unpaid suppliers
25 what is essentially a "super-priority" over secured lenders - the
26 instant litigation has no relation whatsoever to the purposes of
27 the 1984 amendment.  Natural Selection's claim is at most a
28 simple collection matter, for which they could as easily have

CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
(213) 623-2297

-5-

OPPOSITION OF RIVER RANCH FRESH FOODS TO
MOTION TO DISMISS COUNTERCLAIMS, etc.
CASE NO. 5:07-cv-02548-JW

1  proceeded in state court on the common count of Goods Sold and
2  Delivered.
3      For the foregoing reasons, the court should exercise its
4  discretion under subsection (b) to allow River Ranch's
5  counterclaims to be asserted in this action.

7  III. <u>Natural Selection's Argument That the Negligence
8       Counterclaims Should Be Dismissed Because they Are Really
9       Contract Claims is Baseless</u>.
10     Natural Selection argues that conduct which amounts to a
11 breach of contract cannot support a claim for damages based on
12 negligence. This is simply wrong. <u>North American Chemical Co.,
13 vs. Superior Court</u> 59 Cal. App.4th 764 (1997) is authority for
14 the proposition that negligent performance of a contractual
15 obligation gives rise to an action in tort. In that case, North
16 American Chemical entered into a contract with Trans Harbor which
17 required Trans Harbor to package and ship certain chemicals for
18 delivery abroad. In connection with the performance of its
19 packaging duties, Trans Harbor utilized a silo that had
20 previously been used for to store a different chemical which
21 resulted in contamination. North American sued Trans Harbor for
22 negligence. Rejecting Trans Harbor's argument that North
23 American could only sue for breach of contract, the court stated:

> Harbor Pac's contract with North American
> imposed a legal duty on Harbor Pac to
> perform that contract with due care. Its
> alleged failure to do so was a breach of
> that legal duty giving North American a
> remedy in tort as well as contract.
>
>                    At pages 785,786

CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
(213) 623-2297

-6-    OPPOSITION OF RIVER RANCH FRESH FOODS TO
       MOTION TO DISMISS COUNTERCLAIMS, etc.
       CASE NO. 5:07-cv-02548-JW

With respect to River Ranch's Third Counterclaim (Negligent Interference with Prospective Economic Advantage), <u>Chameleon Engineering Corp. vs. Air Dynamics, Inc.,</u> 101 Cal. App.3d 418 (1980), clearly establishes the validity of such a theory of recovery.  In that case a subcontractor negligently failed to supply the general contractor with the materials necessary to timely meet the contract deadline, thereby causing the general contractor to suffer damages.  The court permitted a claim against the negligent subcontractor for negligent interference with prospective economic advantage.  River Ranch's claims that Natural Selection' negligence which resulted in adulterated product being re-sold by River Ranch and subsequent damage to River Ranch are analogous to the foregoing cases.

IV.    <u>The "Economic Loss" Rule is Inapplicable.</u>

<u>North American Chemical Co., vs. Superior Court</u> 59 Cal. App.4th 764 (1997) is authority for the proposition that the "Economic Loss" Rule does not apply in cases involving the negligent performance of services (as opposed to the sale of good) which results in foreseeable economic loss.

The relationship between River Ranch and Natural Selection was not simply one of buyer and seller.  Central to River Ranch's counterclaims are the processing procedures and standards set forth in the <u>River Ranch Fresh Foods, LLC - Supplier Checklist,</u> [Exhibit B to counterclaim], which Natural Selection was required to

CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
(213) 623-2297

1  follow in connection with its preparation and packaging of
2  produce for delivery to River Ranch.
3      <u>Erlich vs. Menezes</u>, 21 Cal.4th 543 (1999), cited by
4  Natural Selection, is simply inapplicable.  In that case
5  the issue before the court was whether <u>emotional distress</u>
6  damages are recoverable for the negligent breach of a
7  contract to construct a house. Likewise, the case of <u>Aas</u>
8  <u>vs. Superior Court</u> 24 Cal.4th 627 (2000) is a construction
9  defect case.

11  V.   <u>River Ranch Has Sufficiently Alleged "Independently</u>
12      <u>Wrongful" Conduct in Connection With Its Counterclaim</u>
13      <u>For Negligent Interference With Prospective Economic</u>
14      <u>Advantage</u>.
15      As set forth in paragraph 78 of its Counterclaim,
16  Natural Selection negligently failed to take reasonable and
17  necessary steps in the processing of its produce to ensure
18  it was not contaminated.

20  VI.  <u>The Alleged "Inconsistency" Between River Ranch's</u>
21      <u>Contract Claim and Attached Documents Is Nonexistent.</u>
22      Natural Selection points out that the parties named in
23  the "Master Crop Agreement" attached to River Ranch's
24  counterclaim are River Ranch and Pride of San Juan and that
25  Natural Selection's name does not appear.  Natural
26  Selection apparently failed to read paragraph 55 of the
27  counterclaim wherein it is alleged:

*Left margin:* CHOATE & CHOATE, 2596 Mission Street, Suite 300, San Marino, CA 91108, (213) 623-2297

-8-  OPPOSITION OF RIVER RANCH FRESH FOODS TO MOTION TO DISMISS COUNTERCLAIMS, etc.
CASE NO. 5:07-cv-02548-JW

> The aforesaid sales were made pursuant to the terms of a <u>Master Crop Agreement</u> ("Agreement") dated 14 April 2000 originally between RIVER RANCH and PRIDE OF SAN JUAN. Subsequently NATURAL SELECTION succeeded to PRIDE OF SAN JUAN's interest in the Agreement and continued to operate and provide services and product to RIVER RANCH under its terms.

It is anticipated that the details of exactly how and when Natural Selection succeeded to this agreement will be developed during discovery.

VI. <u>Natural Selection's Motion to Strike the Affirmative Defenses Should Be Rejected Out of Hand</u>.

Natural Selection's argument that the affirmative defenses are not proper affirmative defenses is based upon the erroneous assumption that any improper or wrongful conduct on the part of Natural Selection that might have occurred prior to the time it sold the produce for which it is suing, could never, as a matter of law, reduce or offset the amount for which Natural Selection is suing.

VII. <u>Summary</u>

As stated in <u>Jones vs. Ford Motor Credit Company</u>, 358 F.3d 205 (2nd Cir. 2004):

> ... [W]here at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing do would not promote the values articulated in Gibbs, 383 U.S. at

-9-

OPPOSITION OF RIVER RANCH FRESH FOODS TO MOTION TO DISMISS COUNTERCLAIMS, etc.
CASE NO. 5:07-cv-02548-JW

726: <u>economy, convenience, fairness, and comity.</u>

Emphasis supplied

The particular facts of this case clearly establish the existence of the court's supplemental jurisdiction, and justify the court exercising its discretion to permit the counterclaims to go forward and to deny Natural Selection's request that River Ranch's affirmative defenses be stricken.

Respectfully submitted,

August 21, 2007                    CHOATE & CHOATE

                                   /s/ Joseph Choate, Jr.
                                   Joseph Choate, Jr.
                                   Counsel for Defendant/
                                   Counter-Claimant, River Ranch
                                   Fresh Foods, LLC.

PROOF OF SERVICE

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California, the office of a member of the bar of this court at whose direction the service was made. I am over the age of 18 and not a party to the within action. My business address is 2596 Mission Street, Suite 300, San Marino, CA 91108. On the date set forth below I served the document(s) named below on the parties in this action as follows:

DOCUMENT(S) SERVED:

**OPPOSITION OF RIVER RANCH FRESH FOODS TO MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES**

SERVED UPON:

    Lawrence H. Meuers, Esq.
    Katy Koestner Esquivel, Esq.
    MEUERS LAW FIRM, P.L.
    5395 Park Central Court
    Naples, FL 34109-5932
    *lmeuers@meuerslawfirm.com*
    *kesquivel@meuerslawfirm.com*

    Martin S. Schenker, Esq.
    Whitty Somvichian, Esq.
    COOLEY GODWARD KRONISH LLP
    101 California Street, 5th Floor
    San Francisco, CA 94111-5800
    *mschenker@cooley.com*
    *wsomvichian@cooley.com*

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Marino, California. I am readily familiar with the practice of Choate & Choate for collection and processing correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒ (FEDERAL CM/ECF) I have reviewed the latest CM/ECF Notice of Electronic Filing in this matter and determined that the court's electronic notice system will provide notice via e-mail to the above parties.

1  ☐   (BY PERSONAL SERVICE – COURIER) I delivered the
2       above documents to an authorized courier or
        driver authorized by U. S. COURIER to receive
3       documents to be delivered on the same date.  A
        proof of service signed by the authorized courier
4       will be filed forthwith.

5  ☐   (BY PERSONAL SERVICE – PERSONAL DELIVERY) I
6       personally delivered the above documents to
        counsel listed above on the date set forth below.
7

8  ☐   (BY FEDERAL EXPRESS) I am readily familiar with
        the practice of Choate & Choate for collection
9       and processing of correspondence for overnight
        delivery and know that the document(s) described
10      herein will be deposited in a box or other
        facility regularly maintained by Federal Express
11      for overnight delivery.

12
   ☐   (BY FACSIMILE) The above-referenced document(s)
13      were transmitted by facsimile transmission and
        the transmission was reported as complete and
14      without error.  The transmission verification
        report(s) reflecting the same are attached hereto
15      and incorporated herein.

16
   ☐   (STATE) I declare under penalty of perjury that
17      the foregoing is true and correct.

18
   ☒   (FEDERAL) I declare under penalty of perjury under the
19      laws of the state of California and the United States
        of America that the foregoing is true and correct.
20
           Executed August 21, 2007 at San Marino,
21 California.

22
                              /s/ Bradley L. Cornell
23                            Bradley L. Cornell

24
      Pursuant to General Order No. 45 § X(B), I attest
25 under penalty of perjury that the concurrence of the above
   signatory has been obtained.
26

27 Dated: August 21, 2007      /s/Joseph Choate, Jr.
                               Joseph Choate, Jr.
28

CHOATE & CHOATE
2596 Mission Street, Suite 300
San Marino, CA 91108
(213) 623-2297