MEUERS LAW FIRM, P.L.
LAWRENCE H. MEUERS, (197663)
KATY KOESTNER ESQUIVEL (*Pro Hac Vice*)
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
kesquivel@meuerslawfirm.com

COOLEY GODWARD KRONISH LLP
MARTIN S. SCHENKER (109828)
WHITTY SOMVICHIAN (194463)
CHANEE FRANKLIN (236068)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:     (415) 693-2222
mschenker@cooley.com
wsomvichian@cooley.com
chanee.franklin@cooley.com

Attorneys for Plaintiff/Counter-Defendant
Natural Selection Foods, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATURAL SELECTION FOODS, LLC dba EARTHBOUND FARMS,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>RIVER RANCH FRESH FOODS, LLC.,<br><br>Defendant/Counter-Plaintiff. | Case No. 5:07-cv-02548-JW<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES** |

## I.    Introduction

River Ranch has failed to proffer any legitimate reason to deny Natural Selection's Motion. Nothing in River Ranch's opposition adequately addresses the fundamental fact that its state law counterclaims have nothing to do with Natural Selection's federal PACA claims. NSF's

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1059661 v3/SF                          1.                          REPLY BRIEF
                                                                   5:07-CV-02548-JW

claims involves the single issue of whether Natural Selection is entitled to assert PACA remedies in connection with produce it supplied to River Ranch from July 18 to August 28, 2006, whereas River Ranch seeks to recover complex business losses from an E. Coli outbreak that occurred *after* the sales which are the subject of the PACA claims. These disputes share no nucleus of common fact and should not be litigated as part of the same action.

Even if the Court were to exercise supplemental jurisdiction, it should dismiss River Ranch's claims in light of the multiple failures of pleading that riddle River Ranch's Counterclaims and Affirmative Defenses. Tellingly, River Ranch has been forced to rely on outdated case authorities that have been overruled on the essential points that River Ranch seeks to rely on. The governing authorities make clear that River Ranch has failed to state any viable claims and its Counterclaims and Affirmative Defenses should be dismissed, even if the Court opts to consider these issues on the merits.

## II. River Ranch Fails to Prove Any Overlap between Its Counterclaims and Natural Selection's PACA Claims.

As shown in NSF's opening brief, no supplemental jurisdiction exists over River Ranch's state law counterclaims because those claims lack any common nucleus of operative fact with NSF's PACA claim. In its opposition, River Ranch does not dispute (nor could it) that its counterclaims involve entirely different lots of produce sold at different times than the sales of produce at issue in NSF's PACA claim.

Instead, River Ranch argues that the ongoing relationship between River Ranch and Natural Selection is enough in itself to create supplemental jurisdiction. River Ranch fails, however, to rebut the established case law holding that an ongoing relationship between litigating parties is insufficient to confer jurisdiction on an otherwise unrelated state law claim. *See, e.g., Wiley Trendwest Resorts,* 2005 WL 1030220, at *4 (N.D. Cal. 2005) (declining to exercise supplemental jurisdiction where claim and counterclaim involved different events arising out of the same employment relationship); *G.M. Hartson Constr. Co., Inc. v. City of Chicago,* 2006 WL 642641, at * 4 (N.D. Ill. 2006) ("the fact that both claims arose form an employment contract is insufficient to grant supplemental jurisdiction"); *Metalmark v. Stewart,* 2006 WL 1277793, at *3

(D. Or. 2006) (no supplemental jurisdiction where original claim and counterclaim involved two separate bids at different times involving overlapping parties).

River Ranch also points out that Natural Selection's PACA complaint "references" the E. coli contamination that is the subject of River Ranch's counterclaims. But the passing reference in NSF's PACA complaint is hardly a basis to invoke the supplemental jurisdiction of this Court. The complaint references the contamination for background purposes only, to explain that the amount being sought as part of NSF's PACA claims was reduced as a result of certain credits given to River Ranch following the E. coli outbreak. There is no aspect of the outbreak, however, that needs to be or will be litigated as part of Natural Selection's PACA claims, which involves the sole issue of whether NSF can assert PACA remedies with respect to distinct lots of spinach delivered entirely before the outbreak. The passing reference to the E. coli outbreak in NSF's complaint does not change the fact that the PACA claims involve entirely separate issues form River Ranch's counterclaims.

### III. River Ranch's Argument That Their Counterclaims Will Not Introduce New Issues Is Illogical.

As NSF argued in its Motion, even if supplemental jurisdiction exists the Court should decline to hear River Ranch's counterclaims because they would introduce complex issues regarding the cause of the E. Coli outbreak, NSF's food safety practices, and River Ranch's business losses -- substantially predominating the narrow issue presented on the federal PACA claim. River Ranch now argues that those issues would *not* be litigated as part of its counterclaims. But the basic premise of River Ranch's counterclaims are its allegations that NSF failed to "take steps to ensure that the ingredients it processed were 'food safe'" and that NSF "negligently fail[ed] to take adequate steps to test for and eliminate contamination of the produce it was processing and selling." (Countercl., ¶¶ 63, 69.) Those allegations will necessarily require an examination of whether Natural Selection's acts or omissions caused the outbreak and whether its overall food and safety practices conformed to industry standards. Given its own allegations, it is unclear how River Ranch can now contend that those issues would not be litigated as part of its counterclaims.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1059661 v3/SF

3.

REPLY BRIEF
5:07-CV-02548-JW

With regards to the issue of damages, River Ranch argues that the Court "will be able to handle whatever damage issues and/or calculations may be necessary." (Opp. at 5:15). The issue, though, is not whether the Court is competent to resolve complex damages issues; the question is whether these issues should be litigated in federal court alongside an unrelated PACA claim. The answer is no. River Ranch's far-reaching claims for lost profits and other complex business losses have nothing to do with the narrow issues on NSF's PACA claim and they should be litigated in a separate action in state court.[1]

### IV. River Ranch's Effort to Manufacture Tort Claims From Contract-Based Allegations Is Based On Outdated Law And Should Be Rejected.

With respect to the merits of its tort claims, River Ranch relies on case law that has been overruled in an effort to avoid dismissal of its claims. First, even though River Ranch's own allegations make clear that no tort remedy is available for its contract-based claims, River Ranch argues that negligent performance of a contract alone is enough to support an action in tort, citing *Northern American Chemical Co., vs. Superior Court*, 59 Cal. App. 4th 764 (1997). But two years after *Northern American Chemical Co.* was decided, the California Supreme Court in *Erlich v. Menezes*, 21 Cal.4th 543 (1999) held that "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." *Erlich v. Menezez,* 21 Cal. 4th at 551.[2] River Ranch's tort theory based on *Northern American Chemical Co* is untenable in light of this unambiguous pronouncement from the California Supreme Court. *See Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group,*

---

[1] River Ranch also appears to suggest that the Court should hear its state law claims because they may result in an offset to NSF's PACA claim. This argument is unavailing. If a litigant could invoke supplemental jurisdiction simply because a state law claim may result in a monetary recovery and potential offset, then *any* unrelated state law claim seeking monetary recovery could be litigated as part of an existing federal lawsuit. This runs contrary to the entire statutory structure imposing strict limitations on supplemental jurisdiction.

[2] The *Erlich* Court explained that a recovery in tort is not permitted unless "(1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion or; (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages." *Erlich v. Menezez,* 21 Cal. 4th at 551.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1059661 v3/SF   4.   **REPLY BRIEF**
5:07-CV-02548-JW

143 Cal. App. 4th 1036, 1043 (2006) (noting that *Erlich* qualified the statements from *Northern American Chemical Co* regarding the availability of tort claims).

River Ranch also relies on *Northern American Chemical* for the proposition that the economic loss rule does not apply to contracts for services. This aspect of *North American Chemical* has also been effectively been overruled, as recognized by this District in *Rejects Skate Magazine, Inc, v. Acutrack, inc..* 2006 WL 2458759 at *4-6 (N.D. Cal. 2006). In *Rejects*, the court looks to *Aas v. Super. Ct.,* 24 Cal. 4th 627 (2000), for guidance on this issue. The *Aas* Court rejected plaintiffs' argument based on *Northern American Chemical* that plaintiffs in contractual privity with the defendant are entitled to recover for negligent performance of a service contract. *Aas*, 24 Cal. 4th at 642-643. The *Aas* Court explained that a "person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Id.* at 643. Because this general holding is not dependent on the subject of the contract, the Court in *Rejects* concluded that the economic loss rule applies equally to service contracts and contracts for the sale of goods. Similarly here, the economic loss rule bars River Ranch's claims because it fails to allege any bodily injury or physical damage to property and seeks to recover exclusively business losses. It is immaterial whether the contract is classified as one for services or for goods.[3]

River Ranch's reliance on *Chameleon Engineering Corp vs. Air Dynamics, Inc.*, 101 Cal. App. 3d 418 (1980) to support its tort claims is also misplaced. Significantly, the plaintiff in *Chameleon Engineering* was not in privity of contract with the defendant and had no contract remedy for its alleged losses. Under those circumstances, the court applied the rule from the *J'Aire Corp v. Gregory*, 24 Cal. 3d 799 (1979) case, which permits a party to bring a claim for

---

[3] In any event, River Ranch has not shown that its contract is one for services as opposed to the sale of goods. River Ranch points to a form Supplier checklist which is given to its suppliers to ensure that they have "comprehensive food safety programs" in place at their facilities. There is nothing about that checklist that changes the essential nature of the contractual relationship between NSF and River Ranch, which was for the sale and purchaser of goods. *See RXX Industries, Inc. v. Lab-Con, Inc*, 772 F.2d 543, 546 (9th Cir. 1985)("When a sale predominates, incidental services provided do not alter the basic transaction."). Here, the parties agree that Natural Selection sold and delivered produce to River Ranch and it is clear that the predominant purpose of the agreement is for the sale of produce and not for any services.

negligent interference with prospective economic damages where certain specialized circumstances give rise to a tort duty. *Id.* at 421-423. *Chameleon Engineering* and *J'Aire* have no application here because River Ranch has a full remedy in contract for its alleged damages resulting from the sale of contaminated spinach. *See LAVWMA v. Northwest Pipe & Casing Company,* 915 F. Supp. 1066, 1073 (N.D.Cal. 1995)("the rule in *J'Aire* simply does not apply in the sale of goods context"); *Frank M. Booth, Inc, V. Reynolds Metals Company,* 754 F. Supp. 1441, 1449 (E.D. Cal. 1991) (a negligence claim for exclusively economic losses is available only where there is no privity of contract between the parties and therefore no remedy under the UCC or in contract).

Even if the parties' contractual relationship did not bar a negligence claim, River Ranch's tortious interference claims would still fail because it has not sufficiently alleged any "independent wrongful conduct." *John Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal. 4th 376, 393 (1995). In its opposition, River Ranch claims it met this necessary element of pleading by alleging at paragraph 78 of its Counterclaim that "Natural Selection negligently failed to take reasonable and necessary steps in the processing of its produce…" (Countcl., ¶78.) This argument misses the point entirely. The "independently wrongful conduct" element requires an allegation that the defendant "engaged in conduct that was wrongful by some legal measure *other than* the fact of interference itself." *Della Pennas,* 11 Cal.4th at 393, (emphasis added.) River Ranch cannot claim that the negligent failure to prevent contamination constitutes *both* the act of interference and the independent wrongful conduct. If anything, River Ranch's argument demonstrates its failure to satisfy the requirement to plead independent wrongful conduct.

**V.     River Ranch's Failure To Cure The Inconsistencies Between Its Contract Allegations and the Attached Documents Requires These Claims Be Dismissed.**

In its opposition, River Ranch fails to directly address the apparent inconsistency between its breach of contract claim and the documents it has attached to the counterclaim. It merely restates its conclusory assertion that Natural Selection "succeeded to Pride of San Juan's interest in the Agreement." River Ranch never addresses the thrust of Natural Selection's argument that River Ranch's breach of contract claim is hopelessly confused and therefore should be dismissed.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1059661 v3/SF         6.         REPLY BRIEF
5:07-CV-02548-JW

For example, it remains unclear what contract forms the basis of the breach. River Ranch alleges (without factual support) that Natural Selection is bound by the "Master Crop Agreement," but bases its allegations on alleged breaches of provisions outlined in the "River Ranch Fresh Foods LLC – Supplier Checklist" (Supplier Checklist). The "Master Crop Agreement" however contains an integration clause which effectively invalidates the Supplier Checklist. Given River Ranch's ongoing inability to explain these inconsistencies, its breach of contract claim should be dismissed.

## VI. Conclusion

For the foregoing reasons, Natural Selection respectfully requests that the Court dismiss all Counterclaims and strike all "affirmative defenses" from the Answer for lack of subject matter jurisdiction. If the Court finds that supplemental jurisdiction exists and opts not to decline jurisdiction under 28 U.S.C. section 1367(c)(2), then Natural Selection asks that the Court dismiss all Counterclaims for failure to state a claim.

Dated: October 22, 2007

MEUERS LAW FIRM, P.L.
LAWRENCE H. MEUERS (197663)

COOLEY GODWARD KRONISH LLP
MARTIN S. SCHENKER (109828)
WHITTY SOMVICHIAN (194463)
CHANEE FRANKLIN (236068)


/s/ Whitty Somvichian
Whitty Somvichian

Attorneys for Plaintiff/Counter-Defendant
Natural Selection Foods, LLC

# PROOF OF SERVICE
## (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward Kronish LLP, 101 California Street, 5th Floor, San Francisco, California 94111-5800. On the date set forth below I served the documents described below in the manner described below:

- **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES**

[X] (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

[ ] (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

[ ] (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Fedex for overnight delivery.

[ ] (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:

Robert Porter Lewis, Jr.
Choate & Choate
2596 Mission Street, Suite 300
San Marino, CA 91108-1679

Executed on October 22, 2007, at San Francisco, California.

                                    /s/ *Myrna M. Yee*
                                    Myrna M. Yee

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1060166 v1/SF                                1.                    REPLY BRIEF IN SUPPORT OF MOTION TO
                                                                   DISMISS COUNTERCLAIMS AND TO STRIKE
                                                                   AFFIRMATIVE DEFENSES